UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLIFFORD HUNTER,                    : CIVIL NO: 3:11-CV-00593
                                    :
            Plaintiff               :
                                    : (Judge Munley)
      v.                            :
                                    : (Magistrate Judge Smyser)
OFFICER CORY FRANTZ,                :
LIEUTENANT OLSHEFSKI and            :
OFFICER DYER,                       :
                                    :
            Defendants              :


**REPORT AND RECOMMENDATION**


I. Background and Procedural History.


      The plaintiff, a federal prisoner proceeding *pro se*, commenced this *Bivens*[1] action by filing a complaint.


      We granted the plaintiff's application for leave to proceed *in forma pauperis* and reviewed the complaint as required by 28 U.S.C. § 1915A.  We determined that the complaint fails to state a claim upon which relief may be granted.  We ordered that the plaintiff may file an amended complaint.  We ordered the plaintiff to provide greater detail concerning the circumstances of the incident.

---

1.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

The plaintiff filed an amended complaint.  The amended complaint names Officer Frantz, Lieutenant Olshefski, and Officer Dyer as defendants.  The plaintiff alleges the following facts in the amended complaint.

While sitting and playing scrabble with another inmate, the plaintiff was struck in the back of his head and neck with an unknown odorous substance.  He turned and observed defendant Frantz fleeing the area with a shovel in his hand.

The plaintiff requested to see a lieutenant.  Defendant Olshefski arrived at the scene and was told of the incident. The plaintiff was then taken to the Special Housing Unit, detained and issued an incident report.[2]

A plumbing supervisor later identified the odorous substance as a mixture of rust and pipe sediment from a plumbing pipe.  The plaintiff refers to the substance as "sewage matter."

---

2.   The Special Housing Unit detention is not developed by the plaintiff in his amended complaint as a part of his claims.

The plaintiff alleges that he was injured and that he sought medical treatment.  But he does not allege how he was injured or what treatment he sought or received.

The plaintiff contends that defendant Frantz assaulted him by throwing the "sewage matter" at him.  He claims that defendant Frantz imposed cruel and unusual punishment in violation of the Eighth Amendment.  He also claims that other officers violated the Eighth Amendment by failing to intervene to stop the act of defendant Frantz.[3]

The plaintiff seeks monetary damages.

II.  Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v.*

---

3.  The plaintiff does not specifically name defendants Olshefski and Dyer as the other officers that failed to intervene.  But, since they are the only other defendants, it is reasonable to assume that by referring to other officers the plaintiff is referring to defendants Olshefski and Dyer.

*Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by
Rule 8(a)(2) need only give the defendant fair notice of what
the plaintiff's claim is and the grounds upon which it rests.
*Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual
allegations are not required. *Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555 (2007).  But more is required than labels,
conclusions and a formulaic recitation of the elements of a
cause of action. *Id.*  "In other words, a complaint must do more
than allege the plaintiff's entitlement to relief." *Fowler v.
UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint
has to "show" such an entitlement with its facts." *Id.*  "While
legal conclusions can provide the framework of a complaint,
they must be supported by factual allegations." *Ashcroft,
supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual
allegations, a court should assume their veracity and then
determine whether they plausibly give rise to an entitlement to
relief." *Id.*

     "[A] complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible
on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting
*Twombly*, *supra,* 550 U.S. at 570).  "A claim has facial

4

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the amended complaint as required by 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or

dismiss the complaint, or any portion of the
complaint, if the complaint-
    (1) is frivolous, malicious, or fails to
state a claim upon which relief may be
granted; or
    (2) seeks monetary relief from a
defendant who is immune from such relief.

The amended complaint fails to state a claim upon which
relief may be granted.

The plaintiff claims that defendant Frantz used
excessive force against him in violation of the Eighth
Amendment.

The Eighth Amendment prohibits cruel and unusual
punishment.  Whenever prison officials are accused of using
excessive force in violation of the Eighth Amendment the
inquiry "is whether force was applied in a good-faith effort to
maintain or restore discipline, or maliciously and sadistically
to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  But
not every malevolent touch by a prison guard gives rise to an
Eighth Amendment cause of action. *Id.* at 9.  "The Eighth
Amendment's prohibition of 'cruel and unusual' punishment
necessarily excludes from constitutional recognition *de minimis*

6

uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

Throwing "sewage matter" is not a good-faith effort to maintain or restore discipline.  It is reasonable to infer that a correctional officer who throws "sewage matter" at an inmate acts maliciously and sadistically.

Throwing "sewage matter" at an inmate is a *de minimis* use of force.  But where the force is "repugnant to the conscience of mankind," even a *de minimis* use of force can be constitutionally significant. *Brooks v. Kyler,* 204 F.3d 102, 107 (3d Cir. 2000). *See also Hudson, supra,* 503 U.S. at 16 ("It is not hard to imagine inflictions of psychological harm - without corresponding physical harm - that might prove to be cruel and unusual punishment.")(Blackmun, J., concurring in judgment).

An act of a prison guard of throwing "sewage matter" on a prisoner can be expected to be repugnant to the prisoner.  In *Tafari v. McCarthy,* 714 F.Supp.2d 317 (N.D.N.Y. 2010), the

7

Court adopted the report of a magistrate judge recommending that an Eighth Amendment claim based on throwing of urine and feces on a prisoner be dismissed because such was a *de minimis* use of force which is not sufficiently severe to be considered repugnant to the conscience of mankind.  Although the degree of force involved in being struck by sewage may be *de minimis,* the act of throwing sewage matter at a prisoner for malicious purposes may constitute cruel and unusual punishment.  However, we do not conclude that the plaintiff here has pleaded facts showing that the incident described in his complaint was one arising to the level of cruel and unusual punishment.

Because the amended complaint fails to state an Eighth Amendment claim upon which relief may be granted against defendant Frantz based on his act of throwing the "sewage matter" at the plaintiff, it follows that the amended complaint also fails to state an Eighth Amendment claim upon which relief may be granted against any other officer for failing to intervene to stop defendant Frantz.  So the amended complaint fails to state an Eighth Amendment claim upon which relief may be granted against defendants Olshefski and Dyer.

8

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  In this case, the plaintiff has already been granted leave to amend.  Further amendment would be futile.

IV.  Recommendations.

Because the amended complaint fails to state a claim upon which relief may be granted, in accordance with 28 U.S.C. § 1915A(b)(1) it is recommended that the amended complaint be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  June 6, 2011.

9