IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFFORD HUNTER,** | : | No. 3:11cv593 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| **OFFICER CORY FRANTZ,** | : | |
| **LIEUTENANT OLSHEFSKI and** | : | |
| **OFFICER DYER,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court for disposition is Magistrate Judge J. Andrew Smyser's report and recommendation proposing that this court dismiss the instant case. Plaintiff Clifford Hunter filed objections to the report and recommendation.  The matter is ripe for disposition.

**Background**

At the time of the events in question, Plaintiff Clifford Hunter was an inmate at Allenwood Federal Corrections Institute. (Doc. 1 at 1). Plaintiff asserts that on or about March 4, 2011, while he and another inmate played a game of scrabble "he was struck in the back, head, and neck with an unknown odorous substance." (Doc. 11, Am. Compl. ¶ 1). A plumbing supervisor later identified the substance as a mixture of rust and pipe sediment from a "plumbing pipe system." (Id.)

Turning around, plaintiff observed Defendant Officer Cory Frantz

1

fleeing from the area "with a shovel in hand." (Id.) Thus, he accuses Frantz of throwing the material at him.  Plaintiff avers that the named defendants, Lieutenant Olshehski and Officer Dyer, failed to intervene and prevent the incident. (Id. ¶ 31). Plaintiff also asserts that the attack left him injured, though he does not detail the injury itself or the treatment he received. (See id. ¶ 25).

Plaintiff requested to see a lieutenant. An officer response team arrived and plaintiff informed the team and Defendant Lieutenant Olshefski of the incident. (Id. ¶ 1).  Prison officials then took plaintiff to the special housing unit where they detained him and issued an incident report. (Id.) Plaintiff also alleges that Lieutenant Olshefski wrongly placed him in the Special Housing Unit, but pleads no specific facts as to what makes that confinement wrongful.

The plaintiff filed a *pro se* civil rights complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).[FN1]  (Doc. 1, Compl.)  Magistrate Judge Smyser granted plaintiff's application for leave to proceed *in forma pauperis*. (Doc. 8, Order of Apr. 29, 2011).  The court dismissed plaintiff's original claim for failure to state a claim and granted plaintiff leave to file an amended complaint with greater detail concerning the circumstances of the incident.  (Id.)  Plaintiff filed an amended complaint on June 1, 2011.  (Doc. 11, Am. Compl.).

The amended complaint alleges two distinct claims. First, plaintiff

---

[FN1]Bivens holds that "a citizen suffering a compensable injury to a constitutionally protected interest [can] invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

brings a civil rights action for excessive force against Defendant Cory Frantz for the sum of $250,000. (Id.) Second, plaintiff brings another Bivens claim against all defendants jointly and severally for failure to intervene for the sum of $5,000 per day of plaintiff's imprisonment in the Special Housing Unit. (Id. at 6).

Magistrate Judge Smyser, acting pursuant 28 U.S.C. § 1915A, reviewed the amended complaint and issued a report and recommendation that this court dismiss plaintiff's claims. (Doc. 12). Plaintiff objects to the report and recommendation in its entirety. (Doc. 13).

**Jurisdiction**

Because plaintiff's claim arises under the Eighth Amendment of the United States Constitution and Bivens, this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, this court makes a *de novo* determination of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The court may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

When a case is filed by a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, as this

case was, we provide an initial screening of the complaint. 28 U.S.C. § 1915A. We will dismiss the complaint if it is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Additionally, because the plaintiff proceeds *pro se* "the court shall dismiss the case at any time" when the case fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). When reviewing a complaint for dismissal under § 1915A or § 1915(e)(2)(B), we apply the same standard provided for in Federal Rule of Civil Procedure 12(b)(6). See Courteau v. United States, 287 Fed. Appx. 159, 162 (3d Cir. 2008) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)). Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The 12(b)(6) standard requires the court to accept as true all factual allegations and give the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom, and view them in the light most favorable to the plaintiff. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

We then determine whether the facts alleged in the complaint "are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (quoting Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937, 1950 (2009)). A plaintiff survives review for dismissal if the asserted facts have "nudged [his or her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Specifically, a plaintiff must describe "enough

facts to raise a reasonable expectation that the discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Alleheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Thus, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.  In general, the determination of "plausibility . . . will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler, 578 F.3d at 211 (quoting Iqbal, 129 S.Ct. at 1949).

**DISCUSSION**

Plaintiff  asserts that Defendant Frantz used excessive force against him in violation of the Eighth Amendment, which prohibits cruel and unusual punishment and has been interpreted to include the use of excessive physical force on inmates. See Hudson v. McMillian, 503 U.S. 1, 4 (1992).

Guards may use physical force in good faith efforts to maintain and restore discipline, but assaults carried out "maliciously and sadistically" amount to excessive force. Wilkins v. Gaddy, - - U.S. - - ; 130 S.Ct. 1175, 1180 (2010).  For example, corrections officers violated a recalcitrant inmates' Eighth Amendment rights when they subdued him through blows that "caused bruises, swelling, loosened teeth, and a cracked dental plate." Hudson, 503 U.S. at 10.  However, the Eighth Amendment tolerates the use of deadly force against prisoners when such force is used appropriately and in good faith. Henry v. Perry, 866 F.2d 657, 659 (3d Cir.1989).

"The Eighth Amendment's prohibition of 'cruel and unusual'

5

punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9 (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)). "[A]n inmate who complains of a push or a shove" has experienced *de minimis* force and has no right to recover under law. Wilkins, 130 S.Ct. at 1178; Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."). For example, when an officer delivered an unprovoked punch to the back of an inmate's head the court found these actions *de minimis* and not "repugnant to the conscience of mankind." Caldwell v. Luzerne Cnty. Corr. Facility Mgmt. Emps., 732 F. Supp. 2d 458, 470 (M.D. Pa. 2010). Similarly, the Third Circuit Court of Appeals has found that an officer may stop a handcuffed inmate from spitting on him by punching the inmate once in the shoulder. Reyes v. Chinnici, 54 Fed. Appx. 44 (3d Cir. 2002).

    Accepting the facts alleged in the amended complaint as true, this case turns on whether the throwing of rust and pipe sediment from a plumbing pipe system is repugnant to the conscience of mankind. Magistrate Judge Smyser concluded that it is not. We agree. Although such action may be unnecessary, reprehensible, inappropriate or repulsive, this use of force is not repugnant to the conscience of mankind. See Tafari v. McCarthy, 714 F. Supp. 2d 317 (N.D.N.Y. 2010) (the court dismissed an inmates's excessive force claim based on throwing of urine on a prisoner because it was a *de minimis* use of force and not sufficiently severe to be considered repugnant to the conscience of mankind); Fackler

6

v. Dillard, No. 06-10466, 2006 WL 2404498, at *1 (E.D. Mich. Aug. 16, 2006) (holding that an officer throwing a four-ounce cup of urine on an inmate which caused no physical injury "was not so grievous as to rise to the level of an Eighth Amendment violation."); Brown v. Vaughn, Civ. A. No. 91-2198, 1992 WL 82310 * 1-2 (E.D. Pa. April 14, 1992) (plaintiff's claims that the defendant "punched, pushed and spit on him" does not assert repugnant behavior, although the behavior is reprehensible.). Accordingly, we will adopt the report and recommendation and dismiss the claim against Defendant Frantz.

Plaintiff's other claim is that the remaining defendants did not intervene to protect his constitutional rights. Generally, a claim may be asserted against officers who fail to intervene to stop another officer's use of excessive force. See Smith v. Mensinger, 293 F.3d 641, 650-51 (3d Cir. 2002). Here, however, we find that plaintiff has not alleged a legally sufficient constitutional claim against Defendant Frantz, therefore, the claim that the other defendants failed to intervene also fails.

**Conclusion**

For the reasons set forth above, we will adopt Magistrate Judge Smyser's report and recommendation and dismiss the instant case. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFFORD HUNTER,** | : | No. 3:11cv593 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **OFFICER CORY FRANTZ,** | : | |
| **LIEUTENANT OLSHEFSKI** and | : | |
| **OFFICER DYER,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 3rd day of November 2011, it is hereby **ORDERED** as follows:

1) Magistrate Judge Smyser's report and recommendation (Doc. 12) is **ADOPTED**;

2) The plaintiff's objections (Doc. 13) are **OVERRULED**;

3) Plaintiff's amended complaint (Doc. 11) is **DISMISSED** pursuant to 28 U.S.C,. § 1915A(b)(1).

                                  **BY THE COURT:**

                                  **s/ James M. Munley**

                                  **JUDGE JAMES M. MUNLEY**
                                  **United States District Court**